UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

MARK ST. CYR, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiffs,

vs.                                                         Case No. 12-14333-CIV-MARTINEZ-LYNCH

JONATHAN F. TEAFORD, et al.,
    Defendants.
_____/

NATHAN WILSON, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiffs,

vs.                                                         Case No. 12-14344-CIV-MARTINEZ-LYNCH

JONATHAN F. TEAFORD, et al.,
    Defendants.
_____/

FRANK CACELLA, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiffs,

vs.                                                         Case No. 12-Civ-14345-MARTINEZ-LYNCH

JOHN C. TEXTOR, et al.,
    Defendants.
_____/

### ORDER CONSOLIDATING ALL RELATED ACTIONS, APPOINTING LEAD PLAINTIFFS AND APPROVING LEAD COUNSEL

THIS CAUSE came before the Court upon The DDMG Investor Group's Motion to Consolidate, Appoint them Co-Lead Plaintiffs, and Approve Co-Lead Plaintiffs' Choice of Counsel **(D.E. No. 10)**; Motion of Patricof Family Limited Partnership and Edward Nusblatt for Consolidation of the Actions, Appointment as Lead Plaintiffs, and Approval of their Selection of

-2-

Counsel **(D.E. No. 11)**; Motion of Jacobson/Kraft Group for Consolidation, Appointment of Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Liaison Counsel **(D.E. No. 14)**; Motion of Marilynn Larsen and Frank LoVerso For Consolidation of the Related Actions, Appointment of Lead Plaintiff, and Approval of Their Selection of Lead and Liaison Counsel **(D.E. No. 20)**; and Motion of the Digital Domain Investor Group for Consolidation of Related Actions, Appointment of Lead Plaintiff and Approval of Counsel **(D.E. No. 17)**, filed pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the PSLRA. The Patricof Limited Partnership, Edward Nusblatt, and the DDMG Investor Group filed a joint reply in support of consolidation and appointment as lead plaintiffs, which asserted that there is no opposition to their application to serve as lead plaintiffs. (D.E. No. 30 at 4). The Court has carefully considered the motions and is otherwise duly advised. It is hereby:

**ORDERED AND ADJUDGED** that

1. The DDMG Investor Group's Motion to Consolidate, Appoint them Co-Lead Plaintiffs, and Approve Co-Lead Plaintiffs' Choice of Counsel **(D.E. No. 10)** and Motion of Patricof Family Limited Partnership and Edward Nusblatt for Consolidation of the Actions, Appointment as Lead Plaintiffs, and Approval of their Selection of Counsel **(D.E. No. 11)** are **GRANTED in part** and **DENIED in part** as provided herein.

2. The Motion of Jacobson/Kraft Group for Consolidation, Appointment of Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Liaison Counsel **(D.E. No. 14)**; Motion of Marilynn Larsen and Frank LoVerso For Consolidation of the Related Actions,

Appointment of Lead Plaintiff, and Approval of Their Selection of Lead and Liaison Counsel (**D.E. No. 20**); and Motion of the Digital Domain Investor Group for Consolidation of Related Actions, Appointment of Lead Plaintiff and Approval of Counsel (**D.E. No. 17**) are **DENIED**.

I.   **CONSOLIDATION**

3.   Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure the following actions are hereby **CONSOLIDATED** for all purposes into one action:

| Abbreviated Case Caption | Docket No. | Date Filed |
|---|---|---|
| *St. Cyr v. Teaford, et al.* | 12-cv-14333-JEM | 09/20/12 |
| *Wilson v. Teaford, et al.* | 12-cv-14344-JEM | 09/27/12 |
| *Cacella v. Textor, et al.* | 12-cv-14345-JEM | 09/28/12 |

4.   These actions shall be referred to herein as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as in the Consolidated Action.

5.   Every pleading in this Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number: 12-14333-CIV-MARTINEZ-LYNCH**

In re Digital Domain Media Group, Inc.
Securities Litigation
_____/

6.   This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this Consolidated Action.

## II. NEWLY-FILED OR TRANSFERRED ACTIONS

7. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;
    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any defendant(s) in the newly filed or transferred case; and
    c. make the appropriate entry in the docket for this action.

8. Each new case arising out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

9. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

## III. APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL

10. The Patricof Family Limited Partnership, Edward Nusblatt, Robert Dziedzic, Caleb R. Sharp, and Susan L. Sharp (collectively, the "Patricof/DDMG Investor Group") have timely moved the Court to be appointed Lead Plaintiffs in the Consolidated Action, and have submitted certifications as to fulfilling the requirements of the PSLRA.

11. Having considered the provisions of 15 U.S.C. § 78u-4(a)(3)(B), 15 U.S.C. § 77z-1(a)(3)(B), and the material submitted by the DDMG Investors Group in support of its motion,

the Court hereby concludes that the Patricof/DDMG Investor Group is the "most adequate plaintiff" and that it satisfies the requirements of 15 U.S.C. § 78u-4 (a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B). The Court hereby appoints the Patricof/DDMG Investor Group to be the Lead Plaintiffs and to represent the interests of the Class.

12. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v), the Lead Plaintiffs have selected and retained the law firms of Levi & Korsinsky LLP, Wolf Popper LLP and Berman DeValerio as Lead Counsel. The Court hereby approves the Lead Plaintiff's selection of Lead Counsel.

13. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through other counsel designated by lead counsel:

   a. the briefing and argument of any and all motions;
   b. the conduct of any and all discovery proceedings;
   c. the examination of any and all witnesses in depositions;
   d. the selection of counsel to act as spokesperson at all pretrial conferences;
   e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;
   f. all settlement negotiations with counsel for defendants;
   g. direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;
   h. the preparation and filings of all pleadings; and
   i. to conduct all other matters concerning the prosecution or resolution of the consolidated actions.

14. No motion, request for discovery, or other pretrial and trial proceeding shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations shall be conducted without the approval of Lead Counsel.

15. Lead Counsel shall have responsibility for receiving and disseminating Court orders and notices.

16. The Clerk shall place a copy of this Order in Case No. 12-14344-CIV-MARTINEZ-LYNCH and Case No. 12-14345-CIV-MARTINEZ-LYNCH.

17. The following cases are **ADMINISTRATIVELY CLOSED**: Case No. 12-14344-CIV-MARTINEZ-LYNCH and Case No. 12-14345-CIV-MARTINEZ-LYNCH.

DONE AND ORDERED in Chambers at Miami, Florida this 11 day of March, 2013.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record