UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number:  12-14333-CIV-MARTINEZ-LYNCH**

IN RE DIGITAL DOMAIN MEDIA GROUP,
INC. SECURITIES LITIGATION

_____ /

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

WHEREAS a consolidated class action is currently pending before the Court entitled *In re Digital Domain Media Group, Inc. Securities Litigation*, No. 12-CIV-14333-MARTINEZ-LYNCH (the "Action");

WHEREAS, the Court has received the Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (the "Preliminary Approval Motion") and the Stipulation of Settlement, dated June 17, 2016 (the "Stipulation") [ECF Nos. 108, 108-1], that was entered into by Lead Plaintiffs Patricof Family Limited Partnership, Edward Nussblat, and Robert Dziedzic and Defendants John C. Textor, Jonathan F. Teaford, John M. Nichols, Roth Capital Partners, LLC and Morgan Joseph TriArtisan, LLC, and SingerLewak LLP (collectively "Defendants"), and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiffs having made the Preliminary Approval Motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Stipulation which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.      For purposes of this Settlement only, the Court will certify a Settlement Class defined as all persons and entities who purchased the common stock of Digital Domain Media Group, Inc. in an initial public offering completed on November 21, 2011 and/or on the public market during the Settlement Class Period and who were damaged thereby.  Excluded from the Class are Defendants, Released Persons, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which defendants have or had a controlling interest, employees of the Company, and any Company employee stock purchase or retirement plan. Also excluded from the Settlement Class are any persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Lead Plaintiffs Patricof Family Limited Partnership, Edward Nusblatt, and Robert Dziedzic as "Class Representatives."

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Counsel, Berman DeValerio, Wolf Popper LLP, and Levi & Korsinsky LLP are appointed as "Class Counsel" and are authorized to act on behalf of the Class Representative and other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

4.      The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a)      The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b)     There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c)     The claims of the Lead Plaintiffs are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d)     The representative party will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e)     Questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in Paragraph 4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if the Settlement does not become effective.  The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

5.      A hearing (the "Final Approval Hearing") shall be held before this Court on **January 12, 2017, at 2:00 p.m.**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Room 10-1, Miami, FL 33128, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel.  The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

6.      The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); the Proof of Claim and Release form (the "Claim Form"); and Summary Notice for publication annexed as Exhibits A-1, A-2 and

A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶7 of this Order meet the requirements of Federal Rules of Civil Procedure 23, 15 U.S.C. § 77z-1(a)(7), 15 U.S.C. § 78u-4(a)(7) and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.      The firm of KCC Class Action Services LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than thirty (30) days after entry of this order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)      No later than the Notice Date, the Summary Notice, substantially in the form annexed as Exhibits A-3 hereto, shall be published once in *Investor's Business Daily* and once on *Business Wire*; and

(c)      At least ten (10) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.      Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, no later than ten days from the date of this order.

9.      Nominees who purchased DDMG common stock for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Claim Form to all beneficial owners of such DDMG common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Claim Form to such beneficial owners. Such

4

holders of record shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.     All Settlement Class Members who do not exclude themselves by the deadline set forth below shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11.     All Settlement Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein to obtain a payment. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than thirty (30) days after the Settlement Hearing Date. Any Settlement Class Member who does not submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

12.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. If they do not enter an appearance, they will be represented by Lead Counsel.

13.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), signed by such Person and post-marked no later than seventy (70) days from the Notice Date. A Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify each of the Person's purchases or other acquisitions of DDMG common stock

made during the Settlement Class Period, including the dates of each purchase or acquisition, the number of shares purchased or otherwise acquired, and the price or consideration paid per share for each such purchase or acquisition; (c) identify each of the Person's sales or other disposals of DDMG common stock made during the Settlement Class Period, including the dates of each sale or disposal, the number of shares sold or disposed, and the price or consideration received per share for each such sale or disposal; (d) state the number of shares of DDMG common stock held immediately before the commencement of the Settlement Class Period; and (e) state that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

14.     Any Settlement Class Member may appear and show cause, if he, she or it has any reasons why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel. Settlement Class Members may not ask the Court to order a larger settlement or otherwise modify the settlement; the Court may only approve or deny the settlement. No Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Settlement Class Member has sent by first-class mail written objections and copies of any papers and briefs to the Class Action Clerk of the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128, or by filing them in person at any location of the United States District Court for the Southern District of Florida, so that they are received or postmarked no later than seventy (70) days from the Notice Date. Any objection must:  (a) clearly identify the case name and number, *In re Digital Domain Media Group, Inc. Securities Litigation*, No. 12-Civ-14333-MARTINEZ-LYNCH; (b) include

the full name, address, and phone number of the objecting Settlement Class Member; (c) include a list of all of the Settlement Class Member's Settlement Class Period transactions in DDMG common stock; (d) include a written statement of all grounds for the objection; (e) copies of any legal support for the objection and any papers, briefs, or other documents upon which the objection is based, which you wish to bring to the Court's attention in support of your objection; and (f) be signed by the objector or his or her counsel.  A copy of the objector's entire filing must also be served on Jay Eng, Esq., Berman DeValerio, Garden Pointe, 3507 Kyoto Gardens Drive, Suite 200, Palm Beach Gardens, Florida 33410, Co-Lead Counsel for Plaintiffs, and Steven J. Brodie, Esq., Carlton Fields, 100 S.E. Second Street, Suite 4200, Miami Florida, 33131, Co-Lead Counsel for Defendants. If the objector wishes to appear in person at the Final Approval Hearing, the objector must submit to the Court with his or her objection a Notice of Intention to Appear.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and the objector's counsel must submit a Notice of Intention to Appear with the objection.  Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and reimbursement of litigation expenses to Lead Counsel, unless otherwise ordered by the Court.

15.     Copies of all requests for exclusion and all Settlement Class Member objections received by Lead Counsel shall be delivered to Defendants' Counsel within three (3) business days of receipt by Lead Counsel.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     Lead Counsel shall be entitled to withdraw up to $250,000 (two hundred fifty thousand dollars) from the Settlement Fund pursuant to paragraph 5.5 of the Stipulation to pay reasonable expenses of notice and administration of the settlement upon the execution of this Order, subject to the provisions of the Stipulation and any order of the Court.

18.     All papers in support of the Settlement, the Plan of Allocation, and any motion by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served.

19.     Defendants and their counsel shall have no responsibility for the Plan of Allocation or any motion for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

20.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any motion for attorneys' fees or reimbursement of expenses shall be approved.

21.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Co-Lead Counsel (nor the Claims Administrator nor any other person) shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶5.5 or 6.2 of the Stipulation.

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

23.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Lead Plaintiff of any liability, fault, or wrongdoing of any kind.

24.     Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Person.

25.     Pending final determination of whether the Settlement should be approved, all proceedings in the Action remain stayed pending further order of the Court.

26.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further motions arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2016.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Chief Magistrate Judge Lynch
All Counsel of Record

9

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No: 12-Civ-14333-MARTINEZ-LYNCH

In re Digital Domain Media Group, Inc.
Securities Litigation

_____/

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING,
AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**If you purchased or otherwise acquired shares of Digital Domain Media Group, Inc. ("DDMG" or the "Company")
common stock: (i) in DDMG's initial public offering completed on November 18, 2011; and/or (ii) on the public
market between November 18, 2011 and September 6, 2012, inclusive** (the "Settlement Class"), then you could receive
a payment from the proposed settlement of the above-captioned securities class action.

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**The Proposed Settlement:** This Notice contains summary information with respect to the proposed settlement. The terms
and conditions of the proposed settlement (the "Settlement") are set forth in the Stipulation of Settlement (the "Stipulation"),
dated June 10, 2016 between and among the following parties in the Action (defined below): (i) Patricof Family Limited
Partnership, Edward Nusblatt, and Robert Dziedzic (collectively, "Lead Plaintiffs"), and (ii) defendants John C. Textor,
Jonathan F. Teaford, John M. Nichols (collectively "DDMG Defendants"), Roth Capital Partners, LLC, Morgan Joseph
TriArtisan, LLC (collectively "Underwriter Defendants"), and SingerLewak LLP, by and through their undersigned
counsel. The DDMG Defendants together with the Underwriter Defendants and SingerLewak LLP are collectively referred
to as the "Defendants", and with Lead Plaintiffs, each a "Party", are collectively referred to as the "Parties". Stipulation are
available at www.DDMGSecuritiesLitigation.com or from Lead Counsel at the addresses provided below. Additional
information concerning this Litigation and the Settlement is also available by contacting Lead Counsel.

**Securities, Class and Class Period:** The Settlement class (the "Class" or "Settlement Class") is comprised of all Persons
who purchased or otherwise acquired shares of DDMG common stock: (i) in DDMG's initial public offering completed on
November 18, 2011; and/or (ii) on the public market between November 18, 2011 and September 6, 2012, inclusive.
Excluded from the Class are Defendants John C. Textor, Jonathan F. Teaford, John M. Nichols, Roth Capital Partners, LLC
and Morgan Joseph TriArtisan, LLC, and SingerLewak LLP, Released Persons (defined below), the officers and directors
of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors
or assigns, any entity in which defendants have or had a controlling interest, employees of the Company, and any Company
employee stock purchase or retirement plan. Also excluded from the Settlement Class are those Persons who timely and
validly file a request for exclusion from the Settlement Class as explained below.

**Settlement Payment:** $5,500,000 in cash (the "Settlement Payment"). The "Settlement Fund" refers to the Settlement
Payment plus any and all interest earned thereon.

**The Lawsuit:** As discussed further, the Settlement resolves a lawsuit concerning allegations that certain investors who
purchased or otherwise acquired DDMG shares during the Settlement Class Period and were damaged as a result of
Defendants' alleged dissemination of materially false and misleading statements and omissions regarding (i) DDMG's
financial conditions, (ii) the Company's failure to disclose a loan agreement by which Textor borrowed $10 million to
purchase 1,176,471 shares of DDMG common stock in DDMG's IPO, and (iii) the Company's failure to disclose certain

information required by 17 C.F.R. §229.401.

**Attorneys' Fees and Expenses:** Lead Counsel has litigated this Action on a contingent basis and has conducted this litigation and advanced the expenses of litigation with the expectation that if it were successful in recovering money for the Class, it would receive fees and be reimbursed for its expenses from the settlement fund, as is customary in this type of litigation. Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees not to exceed $1,800,000 or thirty-three percent (33%) of the Settlement Fund plus interest, and for reimbursement of out-of-pocket expenses not to exceed $[XXXXXX], plus interest (the "Fee Application") incurred in connection with the prosecution of the case. Lead Counsel may make an application for service awards, in amounts not to exceed $5,000 each, for the Lead Plaintiffs to compensate them for their efforts and commitment on behalf of the Class. The Court may award Plaintiffs' Counsel attorneys' fees consisting of less than thirty-three percent (33%) of the Settlement Fund, in which case the difference will remain with the Settlement Fund. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of the case on a contingent-fee basis, and have advanced the expenses of the Litigation, in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. In this type of litigation, counsel are typically awarded a percentage of the common fund recovery as their attorneys' fees. Lead Counsel's Fee Application will be filed with the Court on or before DATE.

**Deadlines:**

| | |
|---|---|
| To Submit a Proof of Claim: | DATE |
| To Submit a Request for Exclusion: | DATE |
| To File and Serve an Objection: | DATE |
| **Court Settlement Hearing:** | DATE |

**More Information:** *Contact Information for Co-Lead Counsel for Lead Plaintiffs and the Class:* .

| | | |
|---|---|---|
| Jay W. Eng, Esq.<br>BERMAN DEVALERIO<br>3507 Kyoto Gardens Drive,<br>Suite 200<br>Palm Beach Gardens, FL 33410<br>(561) 835-9400 | Joshua W. Ruthizer, Esq.<br>WOLF POPPER LLP<br>845 Third Avenue<br>New York, NY 10022<br>(212) 759-4600 | Nicholas I, Porritt, Esq.<br>LEVI & KORSINSKY LLP<br>1101 30th Street NW<br>Washington, DC 20007<br>(202) 524-4290 |

**Additional information about the Settlement can be found at:** www.DDMGSecuritiesLitigation.com.

Your legal rights are affected ***whether you act or do not act***. Please read this notice carefully.

**Statement of Recovery**

Your individual recovery from the Settlement Fund will depend on numerous factors. Lead Counsel estimates that approximately 8.9 million shares of DDMG common stock were purchased or otherwise acquired and potentially damaged during the Class Period. Based on this, the average recovery per share of DDMG securities under the Settlement will be approximately $0.62 per share *before* the deduction of attorneys' fees, costs, and expenses, as approved by the Court. The actual recovery per share will depend on: (1) the number of claims filed; (2) when members of the Class purchased and/or acquired their shares during the Class Period; (3) whether members of the Class either sold their shares during the Class Period or held their shares past the end of the Class Period; (4) administrative costs, including the costs of notice, for the Action, and (5) the amount awarded by the Court for attorneys' fees and expenses. As noted above, Lead Counsel will submit a Fee Application, seeking an award of attorneys' fees not to exceed $1,800,000 or thirty-three percent (33%) of the Settlement Fund plus interest, and for reimbursement of out-of-pocket expenses not to exceed $[XXXXXX], plus interest. These payments, if approved, will come out of the $5.5 million Settlement Fund, and are estimated to be an average of [$#.##] per damaged share purchased in the Settlement Class Period.

Lead Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include: (1) the extent to which the various matters that Lead Plaintiffs allege were materially false or misleading influenced (if at all) the trading price of DDMG's common stock at various times during the Settlement Class Period; (2) the extent to which the various allegedly adverse material facts were omitted influenced (if at all) the trading price of DDMG's common stock at various times during the Settlement Class Period; (3) whether the statements made or facts allegedly omitted were material, false, misleading or otherwise actionable under the securities laws; (4) whether any of the Defendants acted with the wrongful intent alleged by Lead Plaintiffs; and (5) whether, even if liability could be proven, total damages would be more than $0 per damaged share. DDMG and the Individual Defendants deny all liability and believe they would win the case at trial.

**The Circumstances of the Settlement**

For the Settlement Class, the principal reason for the Settlement is the benefit to be provided to the Settlement Class. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. For the settling Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for the Settlement is to eliminate the expense, risks and uncertain outcome of the litigation. The Settlement therefore enables the Class to recover a substantial amount without incurring any additional risk or costs.

<u>**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**</u>

| | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN DATE** | The only way to get a payment if you have a Recognized Claim. |
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED BY NO LATER THAN DATE** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against DDMG and the other Released Persons about the Released Claims. |
| **OBJECT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN DATE** | Write to the Court about why you do not like the Settlement. You may, but are not required to, appear at the Final Approval Hearing. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.
- The Court in charge must still decide whether to approve the Settlement. Payments will be made to Settlement Class Members who submit timely and valid Proofs of Claim if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**Table of Contents**

**Page**

BASIC INFORMATION ...................................................................................................................
1.    Why did I get this notice package? .........................................................................
2.    What is this lawsuit about? .....................................................................................
3.    Why is this a class action? ......................................................................................
4.    Why is there a settlement? ......................................................................................
5.    How do I know if I am part of the Settlement?.......................................................
6.    Are there exceptions to being included?..................................................................
7.    What if I am still not sure if I am included? ...........................................................
8.    What does the Settlement provide?..........................................................................
9.    How much will my payment be? ..............................................................................
10.   How can I get a payment?........................................................................................
11.   When would I get my payment? ...............................................................................
12.   What am I giving up to get a payment or stay in the Settlement Class?..................
13.   How do I get out of the proposed Settlement?.........................................................
14.   If I do not exclude myself, can I sue DDMG and the other Released Persons for the same thing later? ...........................................................................................................
15.   If I exclude myself, can I get money from the proposed Settlement?......................
16.   Do I have a lawyer in this case?...............................................................................
17.   How will the lawyers be paid?..................................................................................
18.   How do I tell the Court that I do not like the proposed Settlement?.......................
19.   What is the difference between objecting and excluding?.......................................
20.   When and where will the Court decide whether to approve the proposed Settlement?
21.   Do I have to come to the hearing? ...........................................................................
22.   May I speak at the hearing? .....................................................................................
23.   What happens if I do nothing at all?.........................................................................
24.   Are there more details about the proposed Settlement?...........................................
25.   How do I get more information?................................................................................

## BASIC INFORMATION

| 1. Why did I get this notice package? |
| --- |

You or someone in your family may have purchased or otherwise acquired shares of DDMG common stock between November 18, 2011 and September 6, 2012, inclusive. The Court directed that this Notice be sent to potential Settlement Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and any appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the Litigation, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. What is this lawsuit about? |
| --- |

This lawsuit consolidates three class actions filed in the United States District Court for the Southern District of Florida against John C. Textor ("Textor"), Jonathan F. Teaford ("Teaford"), and John M. Nichols ("Nichols") alleging violations

of the federal securities laws. On March 12, 2013, the Court consolidated those three actions under the caption *In re Digital Domain Media Group, Inc. Securities Litigation*, and appointed the Patricof Family Limited Partnership, Edward Nusblatt, and Robert Dziedzic to serve as Lead Plaintiffs, and Levi & Korsinsky, Wolf Popper, and Berman DeValerio as Co-Lead Counsel. On July 31, 2013, the Class Action Plaintiffs filed the Consolidated Amended Class Action Complaint (the "Complaint"). The Complaint alleges claims under the Securities Act, the Exchange Act, and United States Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated under the Exchange Act, 17 C.F.R. §240.10b-5. The Securities Act Claims are brought against Textor, Teaford, SingerLewak LLP (the Auditor Defendant), and Roth Capital Partners, LLC, and Morgan Joseph TriArtisan, LLC (the Underwriter Defendants). The Exchange Act claims are brought against Textor, Teaford, and Nichols. The Complaint alleges that Textor and Teaford are liable for untrue statements of material fact and omissions in the registration statement, six amendments thereto, and a prospectus (collectively, the "Offering Documents") that the Company issued in connection with its initial public offering ("IPO") completed on November 18, 2011. Specifically the Complaint alleges misstatements or omissions in the Offering Documents regarding (i) DDMG's financial conditions, (ii) the Company's failure to disclose a loan agreement by which Textor borrowed $10 million to purchase 1,176,471 shares of DDMG common stock in DDMG's IPO, and (iii) the Company's failure to disclose certain information required by 17 C.F.R. §229.401. When this information became public, the Complaint alleges that the share price fell and shareholders were damaged. The lawsuit seeks money damages against Defendants for alleged violations of the federal securities laws. Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Litigation. Defendants continue to assert that they did not violate Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 or Sections 10 and 20(a) of the Securities Exchange Act of 1934, that they did not engage in any conduct that could give rise to any liability to Lead Plaintiffs or the Settlement Class, that they did not make any of the claimed misstatements or omissions, that none of the claimed misstatements of omissions caused damages to Plaintiffs or the Settlement Class, and that none of the claimed misstatements or omissions were material.

---

**3. Why is this a class action?**

In a class action, one or more people called Class Representatives  sue on behalf of people who have similar claims. All persons with similar claims are Settlement Class Members, who together constitute the class. Bringing a case, such as this one, as a class action allows the collective adjudication of many similar claims that might be economically too small to bring in individual actions. One court resolves the issues for all class members, except for those who exclude themselves from the class. Judge Jose E. Martinez of the Southern District of Florida is overseeing this class action.

---

**4. Why is there a settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agree to the Settlement. That way, they avoid the costs and risks of further litigation and trial. As explained above, Lead Plaintiffs and their attorneys think the Settlement is best for all members of the Class.

Lead Plaintiffs believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Throughout the litigation, Defendants raised a number of arguments and defenses (which they would continue to do through summary judgment and trial) including that none of the challenged misrepresentations were false or misleading when made, that Defendants did not act with the requisite fraudulent intent and that any losses suffered by Lead Plaintiffs and the Settlement Class Members were not caused by the misconduct alleged in the Complaint. Defendants would also likely argue that, even if Lead Plaintiffs could establish liability, they would have trouble showing what part of the stock-price decline is attributable to the alleged fraud rather than other company-specific bad news. While Lead Plaintiffs believe that these arguments lack merit, there is no guarantee that Defendants would not prevail on one or more of these arguments. In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve these issues against Lead Plaintiffs and the Settlement Class. Lead Plaintiffs and Lead Counsel have also considered the benefits of a Settlement now, in light of the risks that the Settling Defendants or their insurers could not satisfy a judgment materially larger than the Settlement Amount, and of their evaluation of the reduced amount of insurance that may be available after trial.

Lead Counsel have thoroughly investigated and litigated the case prior to and since filing it in 2012.  Based upon their extensive investigation, their consultation with experts, and their evaluation of the claims asserted against the Defendants

and defenses that might be asserted, Lead Counsel believe that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class. Digital Domain filed for bankruptcy on September 11, 2012. Lead Plaintiffs and Lead Counsel have considered the benefits of a settlement now, in light of the risks that the Settling Defendants or their insurers could not satisfy a judgment materially larger that the Settlement Amount, and of their evaluation of the reduced amount of insurance that may be available after trial.

The Settlement provides an immediate and certain monetary recovery. By settling, Lead Plaintiffs and Defendants avoid the cost, uncertainty and delay of continued litigation. The parties engaged in extensive negotiations that led to the Settlement described in this Notice. Lead Counsel believe the Settlement is fair because there is no guarantee the Settlement Class would win on any of its claims and even if they did win, they might not be awarded any more money than the $5.5 million plus interest, as provided for in the Stipulation, that Defendants have agreed to in order to settle the Action. Defendants' lawyers believe the Settlement is fair because even though Defendants deny Lead Plaintiff's claims, Defendants avoid the cost of continued litigation and risk of losing at trial.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you must be a Settlement Class Member.

> 5. How do I know if I am part of the Settlement?

The Court directed that, for the purposes of the proposed Settlement, everyone who fits this description is a Settlement Class Member: all *Persons* who purchased or otherwise acquired shares of DDMG common stock: (i) in DDMG's initial public offering completed on November 18, 2011; and/or (ii) on the public market between November 18, 2011 and September 6, 2012, inclusive.

> 6. Are there exceptions to being included?

Excluded from the Class are Defendants John C. Textor, Jonathan F. Teaford, John M. Nichols, Roth Capital Partners, LLC and Morgan Joseph TriArtisan, LLC, and SingerLewak LLP, Released Persons (defined below), the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which defendants have or had a controlling interest, employees of the Company, and any Company employee stock purchase or retirement plan. Also excluded from the Settlement Class are those Persons who timely and validly file a request for exclusion.

If one of the mutual funds in which you are invested purchased or otherwise acquired DDMG common stock during the Settlement Class Period, that does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired DDMG common stock during the Settlement Class Period. Contact your broker to see if you purchased or otherwise acquired DDMG common stock during the Settlement Class Period.

If you **sold** but did not purchase DDMG common stock during the Settlement Class Period, you are not a Settlement Class Member. You are a Settlement Class Member only if you **purchased or otherwise acquired** your shares during the Settlement Class Period.

> 7. What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator by writing to KCC Class Action Services LLC, P.O. Box 43417, Providence, RI 02940-3417 for more information; or, you can fill out and return the Proof of Claim form described in Question 10 on page 7 to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

> 8. What does the Settlement provide?

Defendants have agreed to create a $5.5 million fund to be distributed, after the payment of claims administration and notice costs and Plaintiffs' Counsel's attorneys' fees and expenses as awarded by the Court, to all Settlement Class Members who send in a valid and timely Proof of Claim form.

In return, the Parties will agree to dismiss the Action and Lead Plaintiffs and all Settlement Class Members who do not opt out agree to release, relinquish and discharge all Released Claims against the Defendants and their respective Related Persons, whether or not these Settlement Class Members execute and deliver the Proof of Claim and Release.

---

9. How much will my payment be?

---

The Settling Defendants have agreed to pay $5,500,000 in cash for the benefit of the Settlement Class. At this time, it is not possible to make any determination as to how much individual members of the Settlement Class may receive from the Settlement. Lead Plaintiffs have proposed a plan for allocating the Net Settlement Funds to Settlement Class Members (the "Plan of Allocation"). The objective of the Plan of Allocation will be to equitably distribute funds to Settlement Class Members who submit timely and valid Proof of Claim Forms. The Plan of Allocation reflects Lead Plaintiffs' damages expert's analysis, which has included a review of publicly available information regarding DDMG and statistical analyses of the price movement of DDMG common stock and the price performance of relevant market and industry indices during the Settlement Class Period, as well as the statutory provision for recovery under a claim for violation of Section 11 of the Securities Act.

The Plan of Allocation is the proposed plan submitted by Lead Plaintiffs and Co-Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class. The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds the claim of any Settlement Class Member.

Each Settlement Class Member will be deemed to have submitted to the jurisdiction of the U.S. District Court for the Southern District of Florida with respect to his, her, or its Proof of Claim.

Persons that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Settlement Fund and should not submit Proof of Claim Forms.

If approved by the Court, the plan of allocation set forth below (the "Plan of Allocation") will determine how the net proceeds of the Settlement will be distributed to Settlement Class Members who submit timely and valid Claim Forms.

## PLAN OF ALLOCATION

### *General Provisions*

To the extent the Settlement is approved by the Court, and upon the satisfaction of the other conditions to the Settlement, the Net Settlement Funds will be distributed to Settlement Class Members who submit valid claims that are accepted by the Court ("Authorized Claimants") in accordance with the provisions of this proposed Plan of Allocation, or such other plan of allocation as the Court may approve. Approval of the Settlement is independent from approval of a plan of allocation.

Payments pursuant to the Plan of Allocation will be conclusive against Authorized Claimants. No person will have any claim against Lead Plaintiffs, Co-Lead Counsel, the Settling Defendants, the Released Parties and their counsel, or the Claims Administrator or other agent designated by Co-Lead Counsel arising from the distribution made substantially in accordance with the Stipulation of Settlement, the Plan of Allocation, or further orders of the Court. Lead Plaintiffs, Co-Lead Counsel, the Settling Defendants, the Released Parties and their counsel will have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation or the determination, administration, calculation or payment of any Proof of Claim Form, nor nonperformance of the Claims Administrator, the payment or withholding of Taxes of Tax Expenses owed by the Settlement Fund or any losses incurred in connection therewith.

Settling Defendants are not entitled to get back any portion of the Settlement Fund once the Court's Order approving the Settlement becomes final. Settling Defendants shall not have any liability, obligation, or responsibility for the

NOTICE OF SETTLEMENT
CASE NO. 12-CV-14333-MARTINEZ-LYNCH      -7-

administration of the Settlement or disbursement of the Net Settlement Funds or the Plan of Allocation or such other plan of allocation as may be approved by the Court.

Only Authorized Claimants will be eligible to share in the distribution of the Net Settlement Funds, as further described below.

Each person and entity wishing to participate in the distribution must timely submit a valid Proof of Claim form establishing membership in the Settlement Class, and including all required documentation, postmarked no later than [DATE] to the address set forth in the Claim Form. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked no later than [DATE] shall be forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a member of the Settlement Class in which he, she or it is a member and be subject to the provisions of the Stipulation, including the terms of any Judgements entered and releases given.

Each Claim Form must provide all of the information requested therein and provide sufficient supporting documentation as set forth therein.

The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damages analysis.

The calculations made pursuant the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making allocations of the Net Settlement Funds.

In this Action, there are claims asserted under both the Securities Act and the Exchange Act. All Settlement Class Members have claims under the Exchange Act. However, not all Settlement Class Members have claims under the Securities Act and not all Defendants were alleged to have violated both acts, *e.g.*, there are no allegations that any of the Underwriter Defendants violated the Exchange Act. The Plan of Allocation properly recognizes these facts and the requirements imposed by law as to who is eligible to recover from each Defendant. Accordingly, the proceeds of the Settlement will be distributed to Authorized Claimants based on the claims they have and, to that end, the proceeds are divided into two separate funds:

a.   Fund 1:  Representing 87% of the Settlement Fund (net of attorneys' fees, expenses, and administration costs), this fund applies to claims asserted under the Exchange Act. As a result, all Authorized Claimants, to the extent they have Recognized Loss Amounts under the formula set forth below, will be eligible to receive a pro rata distribution from Fund 1, subject to their satisfying the other conditions for receiving a distribution.

b.   Fund 2:  Representing 13% of the Settlement Fund (net of attorneys' fees, expenses, and administration costs) Fund 2 applies to claims asserted only under the Securities Act and shall be paid to Authorized Claimants who purchased shares in or traceable to DDMG's November 18, 2011 offering, based on their Recognized Loss Amounts under the formula set forth below, and subject to their satisfying the other conditions for receiving a distribution..

### Calculation of Recognized Loss Amounts and Recognized Claims

For each Settlement Class Period purchase of DDMG common stock that is properly documented, a "Recognized Loss Amount" will be calculated for that security according to the formulas described below. Such "Recognized Loss Amounts" will be aggregated across all purchases relevant for each Fund to determine the "Fund Recognized Claim" that each Authorized Claimant has against each Fund.

The calculations of the Recognized Loss Amounts reflect Lead Plaintiffs' allegations that the price of DDMG's common stock was artificially inflated during the Settlement Class Period due to Defendants' alleged misrepresentations and/or

omissions. Lead Plaintiffs' damages expert has estimated the artificial inflation in the DDMG Securities during the Settlement Class Period. Under this analysis, each Recognized Loss Amounts will be based on the difference between the price of DDMG common stock prior to and after the corrective disclosures and/or drops on September 4, 2012, September, 5, 2012, and September 7, 2012. The following table demonstrates how a Recognized Loss Amount is calculated:

| | | Date Shares Sold | | | |
|---|---|---|---|---|---|
| | | Prior to Sept. 4, 2012 | Sept. 4, 2012 through Sept. 5, 2012 | Sept. 6, 2012 through Sept. 7, 2012 | After Sept. 7, 2012 |
| Date Shares Purchased | Prior to Sept. 4, 2012 | $0/share | $0.66/share | $1.09/share | $1.47/share |
| | Sept. 4, 2012 to Sept. 5, 2012 | N/A | $0/share | $0.43/share | $0.81/share |
| | Sept. 5, 2012 to Sept. 7, 2012 | N/A | N/A | $0/share | $0.38/share |
| | After Sept. 7, 2012 | N/A | N/A | N/A | $0/share |

Depending upon when an Authorized Claimant purchased and sold shares of DDMG common stock, the Recognized Loss Amount will be equal to the amount of shares held on the date of a corrective disclosure multiplied by the decline in DDMG's common stock price caused by the corrective disclosure.

An Authorized Claimant's "Distribution Amount" shall be the sum of its pro rata share of each Fund. The pro rata share in each Fund shall be calculated by dividing the Authorized Claimant's Recognized Loss Amount by the total of Recognized Loss Amounts for all Authorized Claimants entitled to a distribution from that Fund. If the Authorized Claimant's Distribution Amount is calculated to be less than $10.00, it will not be included in the calculation and it will not be distributed.

If an Authorized Claimant has more than one purchase/acquisition or sale of DDMG common stock during the Settlement Period, all purchases/acquisitions and sales shall be matched on a First-In-First-Out ("FIFO") basis.

Purchases or acquisitions and sales of DDMG common stock are deemed to have occurred on the "trade" date as opposed to the "settlement" date.

To the extent that any amount of the Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants, whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Settlement Fund one (1) year after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Settlement Fund for such redistribution if Co-Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after deduction of any additional fees and expenses that would be incurred with respect to such redistribution, would be cost-effective. Additional redistributions to Authorized Claimants who have cashed their prior distribution checks may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses that would be incurred with respect to such redistributions, would be cost effective. At such time as it is determined that the redistribution of funds remaining in the Settlement Fund is not cost-effective, the remaining balance in the Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Co-Lead Counsel and approved by the Court.

| 10. How can I get a payment? |
|---|

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form accompanies this Notice. You may also download a Proof of Claim form from the Claims Administrator's website, www.DDMGSecuritiesLitigation.com.

Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than [insert date]. Any Class member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any distribution from the Settlement Fund (unless by order of the Court the deadline to submit a Proof of Claim is extended or such Class member's Proof of Claim is accepted), but otherwise shall be bound by all of the terms of the Stipulation and the Settlement, including the releases in the Stipulation, and will be permanently barred and enjoined from bringing any action against any and all Defendants and released persons concerning any and all of Lead Plaintiffs' Released Claims.

| |
|---|
| 11. When would I get my payment? |

The Court will hold a hearing on [insert date], to decide whether to approve the Settlement. If the Court approves the Settlement, one or more appeals may follow. It is always uncertain how any such appeal will be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| |
|---|
| 12. What am I giving up to get a payment or stay in the Settlement Class? |

Unless you exclude yourself, you will remain a member of the Settlement Class, and that means that, upon the "Effective Date," you will release all "Released Claims" (as defined below) against the "Released Persons" (as defined below).

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal and when all conditions of the Stipulation have been met.

"Released Claims" means all and every manner of direct and derivative actions, causes of action, claims, counterclaims, cross-claims, third-party claims, suits, proceedings, damages, punitive damages, costs, expenses and attorneys' fees, demands and liabilities whatsoever of every kind and nature, whether known or unknown, suspected or unsuspected, accrued or unaccrued, in law, equity or otherwise, which Lead Plaintiffs or any other Member of the Settlement Class (i) asserted in the Action; (ii) could have or might have asserted in the Action and/or in any other litigation, action or forum that arise out of, are based upon or are related in any way, directly or indirectly, in whole or in part, to (a) both: (1) the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth or referred to in the Action, and (2) any purchase, sale or acquisition of, or decision to hold DDMG common stock during the Settlement Class Period; and/or (b) Defendants' defense or settlement of the Action and/or Defendants' defense or settlement of the Released Claims. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

"Released Persons" means DDMG, the DDMG Directors and Officers, the DD CA Directors and Officers, the Underwriter Defendants (including Maxim Group LLC), SingerLewak, SL Insurers, Falcon, the Florida DEO, the Senior Lenders, the Creditors Committee, PSL, the Foreign Investors, Bounty Gain, PBC, every "Insured" (as the term is defined in the D&O Policies), and the Insurers, and their spouses, heirs, executors, beneficiaries, administrators, agents, trustees, attorneys, accountants, auditors, representatives, principals, officers, directors, employees, contractors, partners, owners, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, and assigns, including all subsidiaries', affiliates', predecessors-in-interest's, successors-in-interest's, and assigns' past or present spouses, heirs, executors, beneficiaries, administrators, agents, trustees, attorneys, accountants, auditors, representatives, principals, officers, directors, employees, contractors, partners, owners, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, and assigns, and each is a "Released Party."

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants on your own about the Released Claims, then you must take steps to exclude yourself—or as it is sometimes referred to, you must "opt out" of the Settlement Class.

---

**13. How do I exclude myself from the proposed Settlement?**

---

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you "request exclusion from the Settlement Class in *In re Digital Domain Media Group, Inc., Securities Litigation*, Case No. 12-Civ-14333-MARTINEZ-LYNCH (S.D. Fla.)." Your letter must state the date(s), price(s) and number(s) of shares of all your purchases, acquisitions and sales of DDMG shares during the Settlement Class Period. In addition, be sure to include your name, address, daytime telephone number and your signature. You must mail your exclusion request **postmarked no later than DATE** to the Claims Administrator at: Digital Domain Media Group, Inc. Securities Litigation EXCLUSIONS, c/o KCC Class Action Services LLC, 3301 Kerner Boulevard, San Rafael, CA 94901.

**You cannot exclude yourself by telephone, by fax or by e-mail**. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue DDMG and the other Released Persons about the Released Claims in the future.

---

**14. If I do not exclude myself, can I sue DDMG, Defendants or the other Released Persons later for the Released Claims?**

---

No. Unless you exclude yourself, you give up any rights to sue DDMG and the other Released Persons, or to enforce any existing judgments against any of the Released Persons, for any and all Released Claims. If you have a pending lawsuit against DDMG or the other Released Persons, speak to your lawyer in that case immediately, to determine if you have to exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **DATE**.

---

**15. If I exclude myself, can I get money from the proposed Settlement?**

---

No. If you exclude yourself, do not send in a Proof of Claim form to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

---

**16. Do I have a lawyer in this case?**

---

The Court appointed the law firms Levi & Korsinsky, Wolf Popper, and Berman DeValerio as Co-Lead Counsel to represent all class members. These lawyers are called Plaintiffs' Counsel. You will **not** be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**17. How will the lawyers be paid?**

---

Plaintiffs' Counsel are moving the Court to award attorneys' fees and for reimbursement of their expenses of not to exceed $[AMOUNT] from the Settlement Fund, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Plaintiffs' Counsel, without further notice to the Settlement Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class and any proceedings subsequent to the Final Approval Hearing.

*The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for its services for conducting this litigation on behalf of Lead Plaintiffs and the Class nor for its substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for its work in achieving the Settlement Fund. The Court may, however, award less than this amount. In that case, the difference will remain with the Settlement Fund.*

Lead Counsel may make an application for service awards, in amounts not to exceed $_____ each, for the Lead Plaintiffs to compensate them for their efforts and commitment on behalf of the Class. The Court may, however, award less than this amount. In that case, the difference will remain with the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| |
|---|
| 18. How do I tell the Court that I do not like the proposed Settlement? |

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the application by Plaintiffs' Counsel for an award of fees and reimbursement of expenses. You may write to the Court setting out your objections. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements and submit any documentation you believe is appropriate. *The Court will only consider your views if you file a proper objection within the deadline identified and according to the following procedures.*

To object, you must send a signed letter or other court submission stating that you object to the proposed Settlement in *In re Digital Domain Media Group, Inc., Securities Litigation*, Case No. 12-Civ-14333-MARTINEZ-LYNCH (S.D. Fla.). You must include your name, address, telephone number, and your signature, identify the date(s), price(s) and number(s) of shares of all purchases and sales of the DDMG shares you made during the Settlement Class Period, and state the reasons why you object to the Settlement. Your objection must be filed with the Court and served on all the following counsel so that **it is actually received, not merely postmarked, on or before DATE**:

| COURT: |
|---|
| Clerk of the Court<br>United States District Court for the Southern District of Florida,<br>Wilkie D. Ferguson, Jr. United States Courthouse,<br>400 North Miami Avenue,<br>Miami, FL 33128 |

| PLAINTIFFS' CO-LEAD COUNSEL: | COUNSEL FOR THE DEFENDANTS: |
|---|---|
| Jay W. Eng, Esq.<br>BERMAN DEVALERIO<br>3507 Kyoto Gardens Drive, Suite 200<br>Palm Beach Gardens, FL 33410<br>(561) 835-9400 | Steven J. Brodie, Esq.<br>CARLTON FIELDS<br>Miami Tower<br>100 S.E. Second Street, Suite 4200<br>Miami, FL 33131 |

You do not need to go to the Final Approval Hearing to have your written objection considered by the Court. At the Final Approval Hearing, any Settlement Class Member who has not previously submitted a request for exclusion from the Settlement Class and who has complied with the procedures set out in this Question 18 and in Questions 20 and 22 below for filing with the Court and providing to the counsel for the Settlement Class and settling Defendants a statement of an intention to appear at the Final Approval Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Final Approval Hearing.

Any person or entity objecting to the Settlement shall submit to the Court's jurisdiction and agrees that the Parties may depose the person or entity with regard to their objection. Unless the Court otherwise directs, no person or entity shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of representation of the

Class by Lead Plaintiffs and Lead Counsel, any award of attorneys' fees and expenses, the allocation of the Settlement Fund, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described above. Failing to do so will forever bar such person or entity from raising such objection in the Action or any other proceeding. Any member of the Class who does not object to the Settlement or the attorneys' fees and expenses request need not do anything.

| 19. What is the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 20. When and where will the Court decide whether to approve the proposed Settlement? |
| --- |

The Court will hold a Final Approval Hearing at [TIME] on [DATE], at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. At the Final Approval Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at Question 18. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. (Please refer to Question 22 for more information about speaking at the hearing.) The Court will also decide the amount of attorneys' fees and expenses to award Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve the Settlement and to enter the Judgment dismissing the Litigation with prejudice. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Final Approval Hearing. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

| 21. Do I have to come to the hearing? |
| --- |

No. Lead Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but attendance is not mandatory. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. May I speak at the hearing? |
| --- |

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (see Question 18 above) a statement stating that it is your "Notice of Intention to Appear in *In re Digital Domain Media Group, Inc., Securities Litigation*, Case No. 12-Civ-14333-MARTINEZ-LYNCH (S.D. Fla)." Settlement Class Members who intend to object to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they propose to call to testify and any exhibits they intend to offer into evidence at the Final Approval Hearing. You cannot speak at the hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Final Approval Hearing by the deadline identified, and in accordance with the procedures described in Question 18 above.

## IF YOU DO NOTHING

> 23. What happens if I do nothing at all?

If you do nothing, you will get no money from this Settlement and, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants or the Released Persons about the claims being released in the Settlement. All members of the Class who do not submit valid and timely Proof of Claim forms shall be forever barred from receiving any payments from the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation and any Order and Final Judgment entered.

## GETTING MORE INFORMATION

> 24. Are there more details about the proposed Settlement?

This notice summarizes the proposed Settlement. More details are in a Stipulation of Settlement dated as of **DATE** (the "Stipulation"). You may obtain a copy of the Stipulation, the Proof of Claim form, and other information by visiting the website www.DDMGSecuritiesLitigation.com or by contacting the Claims Administrator by mail at KCC Class Action Services LLC, P.O. Box 43417, Providence, RI 02940-3417; by toll free phone at 855-730-8650.  You may also contact any of Plaintiffs' Lead Counsel at the addresses on Page ___, above..

> 25. How do I get more information?

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128, during regular business hours.

### DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

### SPECIAL NOTICE TO NOMINEES

If you hold DDMG common stock pursuant to a transaction that took place within the United States within the Class Period, as nominee for a beneficial owner, then you must either: (1) send a copy of this Notice by first-class mail to all such persons or entities: or (2) provide a list of the names and addresses of such persons or entities to the Claims Administrator at KCC Class Action Services LLC, P.O. Box 43417, Providence, RI 02940-3417.

If you choose to mail this Notice and the Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding this Notice, and which would not have been incurred but for the obligation to forward this Notice, upon submission of appropriate documentation to the Claims Administrator.

Dated: **DATE**                              BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT FOR THE
                                              SOUTHERN DISTRICT OF FLORIDA
                                              FORT PIERCE DIVISION

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION


Case No: 12-Civ-14333-MARTINEZ-LYNCH


In re Digital Domain Media Group, Inc.
Securities Litigation
_____/

## PROOF OF CLAIM AND RELEASE

*DEADLINE FOR SUBMISSION DATE:* _____

IF YOU PURCHASED DIGITAL DOMAIN MEDIA GROUP, INC. ("DDMG" OR THE "COMPANY") COMMON STOCK IN DDMG'S INITIAL PUBLIC OFFERING ON NOVEMBER 18, 2011 AND/OR ON THE PUBLIC MARKET BETWEEN NOVEMBER 18, 2011 AND SEPTEMBER 6, 2012, INCLUSIVE, YOU ARE A SETTLEMENT CLASS MEMBER.

Excluded from the Class are Defendants John C. Textor, Jonathan F. Teaford, John M. Nichols, Roth Capital Partners, LLC and Morgan Joseph TriArtisan, LLC, and SingerLewak LLP, Released Persons (defined below), the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which defendants have or had a controlling interest, employees of the Company, and any Company employee stock purchase or retirement plan.

Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the class pursuant to the Notice of Pendency and Proposed Settlement of Class Action accompanying this Proof of Claim and Release.

Proof of Claim and Release                    Case No: 12-Civ-14333-MARTINEZ-LYNCH

**GENERAL INSTRUCTIONS**

A.     To recover as a Member of the Settlement Class based on your claims in the action entitled *In re Digital Domain Media Group, Inc.,, Securities Litigation*, Case No. 12-Civ-14333-MARTINEZ-LYNCH (S.D. Fla.) (the "Action"), you must complete and, on page 10 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed Proof of Claim and Release (as set forth in paragraph C below), your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.

B.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Action.

C.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE **POSTMARKED ON OR BEFORE DATE**, ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS:

Digital Domain Media Group, Inc. Securities Litigation
c/o KCC Class Action Services LLC
P.O. Box 43417
Providence, RI 02940-3417

**You will bear all risks of delay or non-delivery of your claim**. If you are NOT a Member of the Settlement Class (as defined in the "Notice of Pendency and Proposed Settlement of Class Action") DO NOT submit a Proof of Claim and Release form.

D.     If you are a Member of the Class, you are bound by the terms of any judgment entered in the litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

**II.     CLAIMANT IDENTIFICATION INSTRUCTIONS**

A.     If you purchased DDMG common stock and held the certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, the certificate(s) were

2

Proof of Claim and Release                    Case No: 12-Civ-14333-MARTINEZ-LYNCH

registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

      B.     Use Section IV of this form entitled "Claimant Identification" to identify each owner of record ("nominee"), if different from the beneficial owner of DDMG common stock which forms the basis of this claim.

      C.     THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS, OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS, OF THE DDMG COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

      D.     A separate claim must be filed for each type of account or ownership (i.e., individual account, IRA account, joint account, custodial account, etc.). Joint tenants or UGMA custodians should file a single claim.

      E.     All joint owners must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them. Documentation establishing their authority must accompany this claim and their titles or capacities must be stated.

      F.     The Social Security or Taxpayer Identification number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    TRANSACTION SCHEDULE INSTRUCTIONS

      A.     Use Section V of this form entitled "Schedule of Transactions in DDMG Common Stock" to supply all required details of your transaction(s) in DDMG common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name and Social Security or Taxpayer Identification number on each additional sheet.

Proof of Claim and Release                    Case No: 12-Civ-14333-MARTINEZ-LYNCH

B.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date (not the "settlement" date), beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

C.      The date of covering a "short sale" is deemed to be the date of purchase of DDMG common stock.  The date of a "short sale" is deemed to be the date of sale of DDMG common stock.  Shares originally sold short will have a Recognized Claim of zero.

D.      The price per share, paid or received, should be exclusive of all commissions, taxes, fees and other charges.

E.      **Copies of broker confirmation slips or monthly statements of your transactions in DDMG common stock must be attached to your claim.**  If such documents are not in your possession, please obtain equivalent contemporaneous documents from your broker or financial advisor.  A complete list of acceptable supporting documentation can be found at the Claims Administrator's website: www.DDMGSecuritiesLitigation.com.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

F.      If your trading activity during the Settlement Class Period exceeds 50 transactions, you must provide, in electronic file, all purchase and sale information required in the Schedule of Transactions.  For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator by toll-free phone at 855-730-8650, or via the website at www.DDMGSecuritiesLitigation.com.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

*In re Digital Domain Media Group, Inc., Securities Litigation*

PROOF OF CLAIM

Must be received by the Claims Administrator postmarked no later than DATE.

Proof of Claim and Release                    Case No: 12-Civ-14333-MARTINEZ-LYNCH

## IV.   CLAIMANT IDENTIFICATION
### *Please Type or Print*

_____

Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____

Joint Beneficial Owner's name *(as it appears on your brokerage statement)*

_____

Street Address

_____        _____

City                                      State            Zip Code

_____        _____

Foreign Province                          Foreign Country

_____        _____

Social Security Number or      **OR**      Tax Payer Identification Number
Taxpayer Identification Number

Specify one of the following:

□ Individual/Sole Proprietor   □ Joint Ownership   □ Corporation   □ UGMA Custodian
        □ IRA

□ Partnership   □ Pension Plan   □ Estate   □ Trust   □ IRA   □ Other:_____

_____        _____

Area Code & Telephone Number (day)      Area Code & Telephone Number (evening)

_____

Record Owner's Name and Address (if different from beneficial owner listed above)


## V.   SCHEDULE OF TRANSACTIONS IN DDMG COMMON STOCK

A.      Separately list each and **every purchase** of DDMG common stock during the period November 18, 2011 **through** September 6, 2012, and provide the following information (*must be documented*):

5

Proof of Claim and Release                    Case No: 12-Civ-14333-MARTINEZ-LYNCH

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Purchased | Price per Share (excluding commissions, taxes and fees) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

B.      Separately list each and **every sale** of DDMG common stock during the period November 18, 2011 **through** September 6, 2012, and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Sold | Price per Share (excluding commissions, taxes and fees) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C.      State the total number of shares of DDMG common stock owned at the close of trading on September 6, 2012, long or short (*if none, enter "0"; if other than zero, must be documented*): _____

D.      Please check applicable box:

[_]     I certify that the submitting party is **not** an ERISA plan

[_]     I/We certify that the submitting party is an ERISA plan and has complied with the applicable ERISA exemption

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST READ THE RELEASE AND SIGN ON PAGE _____**

6

Proof of Claim and Release                    Case No: 12-Civ-14333-MARTINEZ-LYNCH

## VI.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I/We submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I/We also submit to the jurisdiction of the United States District Court for the Southern District of Florida with respect to my/our claim as a Class Member and for purposes of enforcing the release set forth herein. I/We further acknowledge that I/we am/are bound by and subject to the terms of any judgment that may be entered in the Action. I agree to furnish additional information to Lead Counsel to support this claim if required to do so. I/we have not submitted any other claim covering the same purchases or sales of DDMG common stock during the Settlement Class Period and know of no other person having done so on my/our behalf.

## VII.   RELEASE

A.    I/We hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims (defined below) each "Released Person" (as defined below).

B.    "Released Claims" means all and every manner of direct and derivative actions, causes of action, claims, counterclaims, cross-claims, third-party claims, suits, proceedings, damages, punitive damages, costs, expenses and attorneys' fees, demands and liabilities whatsoever of every kind and nature, whether known or unknown, suspected or unsuspected, accrued or unaccrued, in law, equity or otherwise, which Lead Plaintiffs or any other Member of the Settlement Class (i) asserted in the Action; (ii) could have or might have asserted in the Action and/or in any other litigation, action or forum that arise out of, are based upon or are related in any way, directly or indirectly, in whole or in part, to (a) both: (1) the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth or referred to in the Action, and (2) any purchase, sale or acquisition of, or decision to hold DDMG common stock during the Settlement Class Period; and/or (b) Defendants' defense or settlement of the Action and/or

Defendants' defense or settlement of the Released Claims. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

C.      "Released Persons" means (1) DDMG; (2) John C. Textor, Jonathan F. Teaford, John M. Nichols, Kevin C. Ambler, Jeffrey W. Lunsford, Keith L. Cummings, Kaleil Isaza Tuzman, John W. Kluge, Jr., and Edwin C. Lunsford, III (collectively, the "DDMG Directors and Officers"); (3) Rafael Fogel, Mark Miller, Cliff Plumer, John Sculley, and Carl Stork (collectively, the "DD CA Directors and Officers"); (4) SingerLewak LLP, (5) Crum & Forster Specialty Insurance Company, Aspen Specialty Insurance Company, Catlin Specialty Insurance Company, Lexington Insurance Company, AIG Claims, Inc., Interstate Fire & Casualty Company, Gotham Insurance Company, Ironshore Specialty Insurance Company (collectively, the "SL Insurers"); (6) Falcon Mezzanine Partners II, L.P.; (7) the State of Florida, Department of Economic Opportunity ("Florida DEO"); (8) Hudson Bay Master Fund Ltd., Empery Asset Master Ltd., Hartz Capital Investments, LLC, Parsoon Special Situation Ltd., Tenor Opportunity Master Fund, Ltd., Tenor Special Situations Fund, L.P., and Aria Opportunity Fund, Ltd. (collectively, the "Senior Lenders"); (9) the Official Committee of Unsecured Creditors of Digital Domain Media Group and its Subsidiaries (collectively, the "Creditors Committee"); (10) the City of Port St. Lucie ("PSL"); (11) Roth Capital Partners, LLC, Morgan Joseph TriArtisan LLC, and Maxim Group LLC (collectively, the "Underwriters"); (12) Iroquois Master Fund Ltd., Kingsbrook Opportunities Master Fund, Ltd., Flag Holding LLC, Oman International Development and Investment Company SOAG, Mountain Partners AG, and Technology Transfer AG (collectively, the "Foreign Investors"); (13) Bounty Gain Enterprises, Inc. ("Bounty Gain"); (14) Palm Beach Capital, Inc.; PBC GP III, LLC,  PBC Digital Holdings, LLC, PBC Digital Holdings II, LLC, PBC DDH Warrants, LLC, and PBC MGPDEF DDH, LLC (collectively, the "PBC Entities") and Nathan Ward, Shaun McGruder, Michael Schmickle, and James Harpel (together with the PBC Entities, collectively "PBC"); (15) every prospective "Insured" (as the term is defined in the D&O Policies); (16) and the Insurers, and each of their past or present agents, trustees, attorneys, representatives,

Proof of Claim and Release                     Case No: 12-Civ-14333-MARTINEZ-LYNCH

principals, officers, directors, employees, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, and assigns.

D.      This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

E.      I/We hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

F.      I/We hereby warrant and represent that I/we have included information about all of my/our transactions in DDMG common stock which occurred during the Settlement Class Period.

## VIII.  CERTIFICATION

UNDER THE PENALTY OF PERJURY, I/WE CERTIFY THAT:

A.      The number shown on this form is my correct Social Security or Taxpayer Identification number.

B.      I/We certify that I am/we are NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code.

**NOTE:**      If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out the word "NOT" in the sentence above.

C.      I/We declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned and any supporting documents attached hereto are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim and Release was executed this _____ day of _____ , in _____, _____

      (Month/Year)           (City)          (State/Country)

                                                _____
                                                Signature of Claimant

                                                  _____

Proof of Claim and Release                 Case No: 12-Civ-14333-MARTINEZ-LYNCH

(Print your name here)

_____
Signature of Joint Claimant, if any

_____
(Print your name here)

_____
Signature of person signing on behalf of Claimant

_____
(Print your name here)

_____
Capacity of person signing on behalf of Claimant,
if other than an individual, (e.g., Executor,
President, Custodian, etc.)


## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

**Reminder Checklist:**

1. Remember to sign the above release and declaration.

2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website: www.DDMGSecuritiesLitigation.com.

3. Do not send originals of securities certificates.

4. Keep copies of the completed claim form and documentation for your own records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.  **You will bear all risks of delay or non-delivery of your claim.**

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at: KCC Class Action Services LLC, P.O. Box 43417, Providence, RI 02940-3417.

## EXHIBIT A-3

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

**Case No: 12-Civ-14333-MARTINEZ-LYNCH**

In re Digital Domain Media Group, Inc.
Securities Litigation

_____/

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL
HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF DIGITAL DOMAIN MEDIA
GROUP, INC. IN AN INITIAL PUBLIC OFFERING ON NOVEMBER 18, 2011 AND/OR ON THE PUBLIC MARKET
DURING THE PERIOD NOVEMBER 18, 2011 TO SEPTEMBER 6, 2012 AND WHO WERE DAMAGED THEREBY
(THE "SETTLEMENT CLASS").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT
OF A CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA (THE "COURT").**

PLEASE DO NOT CONTACT THE COURT, OR ANY DEFENDANT, OR THEIR COUNSEL, REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE
PROPOSED SETTLEMENT SHOULD BE DIRECTED TO LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE
CONTACT INFORMATION IS PROVIDED BELOW.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the Settlement
Class in the above-captioned litigation (the "Action") has been preliminarily certified for the purposes of the proposed Settlement only.

**YOU ARE ALSO NOTIFIED** that Patricof Family Limited Partnership, Edward Nussblat, and Robert Dziedzic ("Lead Plaintiff"), on
behalf of himself and the proposed Settlement Class, and the Defendants have reached a proposed settlement of the Action for $5,500,000
in cash (the "Settlement Amount"), that, if approved, will resolve all claims in the Action (the "Settlement").

A hearing (the "Final Approval Hearing") will be held before the Honorable Jose E. Martinez, United States District Judge for the United
States District Court for the Southern District of Florida, in the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue,
Miami, FL 33128 at ___ on ____, to, among other things, determine whether: (i) the proposed Settlement should be approved by the Court
as fair, reasonable and adequate; (ii) the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of
Settlement ("Stipulation"), dated May 27, 2016; (iii) the proposed Plan of Allocation for distribution of the Settlement Fund, and any interest
earned thereon, less Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the
Court and any other costs, expenses or amounts as may be approved by the Court; (the "Net Settlement Fund"), should be approved as fair
and reasonable; and (iv) the application of Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be
approved.[1] The Court may change the date of the hearing without providing another notice. You do NOT need to attend the Final Approval
Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED
SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received (i)
the printed Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and
Reimbursement of Litigation Expenses ("Notice") or (ii) the Proof of Claim and Release form ("Claim Form"), you can obtain a copy of
those documents on the website www.DDMGSecuritiesLitigation.com or by contacting the Claims Administrator:

---

[1] The Notice and the Stipulation, available for download at www.DDMGSecuritiesLitigation.com, contain additional information concerning the Settlement and the definitions,
and further explanation, of many of the defined terms used in this Notice (which are indicated by initial capital letters).

QUESTIONS? VISIT www.DDMGSecuritiesLitigation.com OR CALL 855-730-8650 TOLL FREE.                     PAGE 1 OF 2

*In re Digital Domain Media Group, Inc.*
Claims Administrator
c/o KCC Class Action Services LLC
P.O. Box 43417
Providence, RI 02940-3417

Please refer to the website for more detailed information and to review the Settlement documents.  Inquiries other than requests for information about the status of a claim may also be made to Lead Counsel:

| **BERMAN DEVALERIO** | **WOLF POPPER LLP** | **LEVI & KORSINSKY LLP** |
|---|---|---|
| Jay W. Eng, Esq.Gardens Pointe 3507 Kyoto Gardens Drive, Suite 200 Palm Beach Gardens, Florida 33410Telephone:  (561) 835-9400 | Joshua W. Ruthizer, Esq. 845 Third Avenue New York, NY 10022 Telephone:  (212) 759-4600 | Nicholas I. Porritt, Esq. 1101 30th Street, NW, Suite 115 Washington, DC 20007 Telephone: :  (###) ___-___ |

If you are a potential Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must timely submit a valid Claim Form, which can be found on the website listed above, *postmarked no later than [   ]*.  If you are a potential Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a potential Settlement Class Member, but wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, which can also be found on the website, *postmarked no later than [   ]*.  If you are a potential Settlement Class member and do not timely exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of expenses must be submitted to the Court in accordance with the instructions set forth in the Notice, *postmarked no later than [   ]*, and filed with the Court *no later than [   ]*.

DATED: _____

THE HONORABLE JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE