UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division
**Case Number: 12-14333-CIV-MARTINEZ-LYNCH**

In re Digital Domain Media Group, Inc.
Securities Litigation
_____/

## ORDER OF DISMISSAL WITH PREJUDICE AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated July 25, 2016, on the motion for final approval of the Settlement set forth in the Stipulation of Settlement, dated as of May 27, 2016 ("Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing, therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Final Judgment and Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. "Settlement Class" shall mean all persons and entities who purchased the common stock of Digital Domain Media Group, Inc. in an initial public offering completed on November 18, 2011 and/or on the public market during the Settlement Class Period (from November 18, 2011 to September 6, 2012, inclusive) and who were damaged thereby. Excluded from the Class are Defendants, Released Persons, the officers and directors of the Company, at all relevant times,

members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which defendants have or had a controlling interest, employees of the Company, and any Company employee stock purchase or retirement plan. No person or entity submitted a request for exclusion from the Settlement Class.

4. Pursuant to Federal Rules of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class. The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b) There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c) The claims of the Lead Plaintiffs are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d) The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e) Questions of law and fact common to the members of the Settlement Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in this Paragraph are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if this Final Judgment and Order does not become final.

5. The Court hereby approves the Settlement set forth in the Stipulation and finds that:

      (a)    said Stipulation is, in all respects, fair, reasonable and adequate and in the best interest of the Settlement Class;

      (b)    there was no collusion in connection with the Stipulation;

      (c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

      (d)    the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

6.    Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Complaint, the Action, and all Released Claims and the Released Persons' Claims, without costs as to any Settling Party, except as and to the extent provided in the Stipulation, any separate order on attorneys' fees or reimbursement of litigation expenses, and herein.

7.    The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.    Upon the Effective Date hereof, the Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

9.    All Settlement Class Members are hereby forever barred and enjoined from

prosecuting any of the Released Claims against any of the Released Persons.

10. Upon the Effective Date hereof, Defendants and the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Persons' Claims against each and all of the Settlement Class Members, Lead Plaintiff and Lead Counsel.

11. The Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and the published Summary Notice given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process, as well as the requirements of the Private Securities Litigation Reform Act. In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fees and reimbursement of expense application shall in no way disturb or affect the Judgment and shall be considered separate from this Final Judgment and Order.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants, any Released Person or and Settlement Class Member or (b) is or may be deemed to be or may be used as an admission of, or evidence of,

any fault or omission of the Defendants, any of the Released Persons or any Settlement Class Member in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants, Released Persons and/or Settlement Class Members may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and reimbursement of litigation expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Upon the occurrence of the Effective Date, Defendants shall not have any right to the

return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. If any portion of the Net Settlement Fund remains following distribution pursuant to the Plan of Allocation and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a non-profit charitable organization unaffiliated with Defendants, Lead Plaintiffs or Lead Counsel, selected by Lead Plaintiffs and subject to Court approval.

18.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

DONE AND ORDERED in Chambers at Miami, Florida, this __10__ day of April, 2017.

                                                        JOSE E. MARTINEZ
                                                       UNITED STATES DISTRICT JUDGE

Copies provided to:
Chief Magistrate Judge Lynch
All Counsel of Record