UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No: 12-14333-CIV-MARTINEZ-LYNCH

In re Digital Domain Media Group, Inc.
Securities Litigation
_____/

## ORDER APPROVING ADMINISTRATIVE DETERMINATIONS AND AUTHORIZING DISTRIBUTION OF THE NET SETTLEMENT FUND

THIS MATTER is before the Court on Lead Plaintiffs Patricof Family Limited Partnership, Edward Nusblatt and Robert Dziedzic's Motion for Approval of Administrative Determinations and Authorization to Distribute the Net Settlement Fund[1] ("Motion") [ECF No. 120] in the above-captioned class action. The Court, having considered all of the materials and arguments submitted in support of the Motion, including the Distribution Declaration of Justin R. Hughes dated February 8, 2018 ("Hughes Declaration"), submitted on behalf of the Court-approved Claims Administrator, Kurtzman Carson Consultants LLC ("KCC" or the "Claims Administrator"), the Declaration of Jay W. Eng, Flag Holding, LLC's Response in Opposition to Lead Plaintiffs' Motion for Approval of Administrative Determinations [ECF No. 121], as well as all prior proceedings herein. After careful consideration, it is hereby:

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the June 17, 2016 Stipulation of Settlement (ECF No. 108-1, the "Stipulation") and exhibits thereto and Lead Plaintiffs' Memorandum of Law in Support of Lead Plaintiffs' Motion for Approval of Administrative Determinations and Authorization to Distribute the Net Settlement Fund.

**ORDERED AND ADJDUGED THAT**

1. This Court has retained jurisdiction over this Action for the purposes of considering, *inter alia*, any further application or matter in connection with the administration of the Settlement and the distribution of the Net Settlement Fund to Authorized Claimants.

2. Lead Plaintiffs Patricof Family Limited Partnership, Edward Nusblatt and Robert Dziedzic's Motion for Approval of Administrative Determinations and Authorization to Distribute the Net Settlement Fund [ECF No. 120] is **GRANTED**.

3. The distribution plan proposed by KCC as set forth in the Hughes Declaration is **APPROVED.** Accordingly,

   a. The administrative determinations of the Claims Administrator to accept the timely submitted Proofs of Claim set forth in Exhibit D-1 to the Hughes Declaration, and to accept the late but otherwise valid Proofs of Claim submitted after the February 13, 2017 deadline but received on or before January 15, 2018, as set forth in Exhibit D-2 to the Hughes Declaration, are adopted;

   b. The administrative determinations of the Claims Administrator to reject the Proofs of Claim set forth in Exhibit D-3 to the Hughes Declaration are hereby approved, and those claims are hereby rejected;

   c. The administrative determinations of the Claims Administrator to reject the Proof of Claim for which one claimant requested judicial review, as set forth in Exhibit C to the Hughes Declaration, is hereby approved, and that claim is hereby rejected;

   d. No Proof of Claim received after January 15, 2018 may be accepted for any reason whatsoever;

e.  Pursuant to the Distribution Plan, KCC will carry out the Initial Distribution of each of the two Net Settlement Funds as follows:

i.  Pursuant to the Court-approved Plan of Allocation, KCC will calculate each Authorized Claimant's *pro rata* share of the Fund 1 Net Settlement Fund and Fund 2 Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Claim amounts in comparison to the total Recognized Claim amounts of all Authorized Claimants in each fund.

ii.  KCC will, pursuant to the terms of the Court-approved Plan of Allocation, eliminate from the distribution any Authorized Claimant whose aggregate Fund 1 and Fund 2 *pro rata* share of the Net Settlement Fund as calculated under subparagraph (a)(i) above is less than $10.00. Such Claimants will not receive any payment from the Net Settlement Fund.

iii.  After eliminating Claimants who would have received less than $10.00, KCC will re-calculate the Fund 1 and Fund 2 *pro rata* shares of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more pursuant to the calculation described in subparagraph (a)(i) above ("Distribution Amount").

iv.  To encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear the notation: "CASH PROMPTLY. VOID AND SUBJECT TO

REDISTRIBUTION IF NOT CASHED BY [120 DAYS AFTER ISSUE DATE]."

  v. Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available to be distributed to other Authorized Claimants in any future redistribution of the Net Settlement Fund, or for any other purpose described below. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Net Settlement Fund.

 f. After KCC has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, for any balance remaining in the Net Settlement Fund six months after the Initial Distribution, or as reasonably soon thereafter, KCC shall, if in consultation with Lead Counsel it is determined to be cost-effective to do so, conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their previous distribution checks and who would receive at least $10.00 from such redistribution.

 g. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with KCC, determine that additional redistributions, after the deduction of any additional fees and expenses

incurred in administering the Settlement, including for such redistributions, would be cost-effective.

    h.    At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed by Plaintiffs' Co-Lead Counsel to the following not-for-profit 501(c)(3) organization: Investor Rights Clinic at the University of Miami School of Law.

    i.    No new Claim Forms may be accepted after January 15, 2018.

4.    Unless otherwise ordered by the Court, KCC will dispose of the paper copies of Claim Forms and all supporting documentation one (1) year from the final distribution date of the Net Settlement Fund and will dispose of electronic copies of the same three (3) years after the final distribution date of the Net Settlement Fund.

5.    All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Members of the Settlement Class, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund;

6.    KCC is awarded fees and expenses in the amount of $145,068.77 in connection with the administration and continued administration of the Settlement and the Distribution of the Net Settlement Fund as set forth in the Hughes Declaration are hereby approved; and

7.      This Court retains jurisdiction over any further application or matter that may arise in connection with the administration of the Settlement and such other and further relief as this Court deems appropriate.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 day of April, 2018.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record